**4**

MARK L. POPE  #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

In re:

JULIO CARTAGENA,

                      Debtor(s).

Case No. 12-18278-B-7
Chapter 7

AUGUST B. LANDIS,
Acting United States Trustee,

                      Plaintiff,

v.

JULIO CARTAGENA,

                      Defendant(s)

A.P. No. 12-01166-B
D CN: UST-1

Date:  December 13, 2012
Time: 10:30 a.m.
Place:  United States Bankruptcy Court
          2500 Tulare Street, Courtr. 12
          Fresno, CA
Judge:  W. Richard Lee

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING UNITED STATES TRUSTEE'S COMPLAINT TO (1) TO DISMISS
CHAPTER 7  CASE WITH PREJUDICE AND (2) TO ENJOIN DEBTOR
FROM FILING BANKRUPTCY FOR TWO YEARS**

On December 13, 2012, the Court's Status Conference came on for hearing on the United

States Trustee's Complaint to (1) to Dismiss Chapter 7 Case with Prejudice and (2) to Enjoin

Debtors from Filing Bankruptcy for Two Years.  Gregory S. Powell, Esq. appeared for the

United States Trustee.  Having entered the default of the Defendant and reviewed the unopposed

pleadings of the United States Trustee, the Court now issues the following findings of fact and

conclusions of law.

RECEIVED
December 17, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004580218

**Finding of Facts**

Case No. 1.:  *In re Julio Cartagena*, Case No. 12-18278-B.

1.  On May 21, 2012, Julio Cartagena ("the Defendant") filed a *pro se* Chapter 7 bankruptcy, Case No. 12-14540-B7 ("Case No. 1") in the Fresno Division.

2.  On June 8, 2012, the case was dismissed because the Defendant failed to file documents.

Case No. 2.:  *In re Julio Cartagena*, Case No. 12-15422-B-7.

3.  On June 18, 2012, the Defendant filed a *pro se* chapter 7 bankruptcy, Case No. 12-15422-B-7 in the Fresno Division.

4.  On July 6, 2012, the case was dismissed because the Defendant failed to appear at the meeting of creditors.

Case No. 3.:  *In re Julio Cartagena*, Case No. 12-16363-B-7.

5.  On July 23, 2012, the Defendant filed a *pro se* chapter 7 bankruptcy, Case No. 12-16363-B-7 in the Fresno Division.

6.  On August 10, 2012, the case was dismissed because the Defendant failed to file documents.

Case No. 4.:  *In re Julio Cartagena* , Case No. 12-17354-B-7.

7.  On August 27, 2012, the Defendant filed a  *pro se* chapter 7 bankruptcy, Case No. 12-17354-B-7 in the Fresno Division.

8.  On September 14, 2012, the case was dismissed because the Defendant failed to file documents.

Current Case:  *In re Julio Cartagena*, Case No. 12-18278-B-7.

9.  On September 28, 2012, the Defendant filed the Current Case, Case No. 12-18278-B-7, in the Fresno Division.

10.  On the second page of the petition under "All Prior Bankruptcy Cases Filed Within Last Eight Years" the Defendant stated "None".

11.  On October 16, 2012, the Current Case was dismissed because the Defendant failed to file documents.

12.   On the Exhibit D filed with the Defendant's petition in the Current Case he indicated he had received mandatory credit counseling within 180 days of the petition but did not have the certificate thereof.  Exhibit D required the Defendant to file a certificate within 14 days of the filing of the case.  No certificate has been filed.

### Legal Conclusions

13.   The Defendant did not obtain pre-petition credit counseling. Under 11 U.S.C. § 109(h)(1) the Defendant is not eligible to be a debtor in this case because he did not, within 180 days of filing the petition, receive credit counseling from an approved agency.

14.   Defendant's ineligibility to be a debtor based on his failure to obtain pre-petition credit counseling, constitutes cause for dismissal under 11 U.S.C. § 707(a).

15.   Under 11 U.S.C. §§ 349(a) and 707(b)(3)(A), the court may dismiss a case with prejudice to the discharge of existing debts on grounds of bad faith, which includes, but is not limited to (a) misrepresentation of facts in the petition or plan, (b) unfair manipulation of the Bankruptcy Code, (c) the debtors' history of filings and dismissals, and (d) timing petitions to frustrate state court actions.

16.   Defendant's failure to disclose prior cases and serial filings constitute bad faith and warrant dismissal of the Current Case with a bar to refiling.

17.   Defendant, is serial bankruptcy filer  who has abused the bankruptcy system since May, 2012.

18.   This year, the Court has dismissed 4 cases filed by the Defendant.

19.   Defendant knowingly and fraudulently made a false oaths in his  petition when he failed to disclose Case No. 1-4 as prior cases.

20.   Defendant's pattern of successive filings and false oaths is evidence of his willful failure to prosecute this cases and abide by the Bankruptcy Code and Rules.

21.   Defendant's sole purpose in filing her successive cases appears to be to invoke the automatic stay to hinder and delay her creditors.

22.   Defendant's behavior constitutes abuse of the bankruptcy system, and without an order barring refiling, Defendant's creditors are at risk of further serial filings and abuse.

23.  Defendant's failure to perform duties imposed by the Bankruptcy Code constitutes willful behavior sufficient to impose an 180-day bar against refiling pursuant to 11 U.S.C. § 109(g)(1).

24.  However, a 180-day bar is insufficient to protect Defendant's creditors from Defendant who has been in bankruptcy since May 2012 without any meaningful payment to his creditors.

25.  Plaintiff has no adequate remedy at law.  Defendant's actions and omissions hinder the administration of justice and cause creditors and the bankruptcy system irreparable harm. Defendant will continue to abuse the bankruptcy process unless this court issues an injunction barring Defendant from filing another bankruptcy case for two years.

**Conclusion**

For the foregoing reasons, the Court concludes the following relief should be granted:

1.  The Defendant shall be barred from filing another bankruptcy petition within two years from the date of the dismissal, without leave of court.

2.   Leave of court as referenced in paragraph 1, if any, may be sought by an *ex parte* order from the bankruptcy court upon a showing that (1) there has been a material change in circumstances, (2) the filing fee is paid in full, (3) complete schedules and statements are filed with the voluntary petition, and (4) reasonable assurances are made that the Defendant will appear at the section 341 meeting.

A separate order shall be entered.

Dated: Dec 18, 2012

_W. Richard Lee_

W. Richard Lee
United States Bankruptcy Judge

Efiled by Mark L. Pope
Direct Phone: (559)487-5002 Ext. 240
Email: Mark.Pope@usdoj.gov

4